**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111359

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maria Frohnhoefer, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RGS Financial, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Maria Frohnhoefer, individually and on behalf of all others similarly situated, (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RGS Financial, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Maria Frohnhoefer is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant RGS Financial, Inc., is a Texas with a principal place of business in Dallas County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13. The debt was incurred on a credit card issued by Capital One, N.A.

14. At all relevant times herein, Plaintiff's debt accrued, and was subject to, interest.

15. At all relevant times herein, Plaintiff's debt accrued, and was subject to, late fees.

16. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated May 6, 2016. (**Exhibit 1.**)

18. The letter was the initial communication Plaintiff received from Defendant.

19. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), § 1692e(5), and § 1692e(10)**

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

amount, or legal status of any debt.

23. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

24. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to attempt to collect any debt.

25. The letter offers Plaintiff a settlement of $363.51 on his debt of $605.85.

26. The settlement offered to Plaintiff would result in a debt discharge forgiveness of less than $300.00, if the amount of the debt was static.

27. The letter sets forth certain information concerning IRS reporting requirements for debt forgiveness.

28. The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because it was relevant.

29. The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because the consumer's acceptance of the settlement offer would have tax consequences.

30. 26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt to make a Form 1099-C return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00.

31. Debt discharge forgiveness may not be reported as income when an exception applies.

32. The settlement offered to Plaintiff could not possibly have been reportable.

33. The settlement offered to Plaintiff could not possibly have been reportable because it would result in debt forgiveness of less than $600.00.

34. The settlement offered to Plaintiff could not possibly have been reportable under the relevant exceptions.

35. Defendant's inclusion of the IRS reporting requirements implies that the settlement may have tax consequences.

36. Defendant's implication that the settlement may have tax consequences is false.

37. Defendant's implication that the settlement may have tax consequences is a threat to take action that cannot legally.

38. Defendant's implication that the settlement may have tax consequences is a threat

3

that is not intended to be taken by Defendant.

39. Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that the action will not happen.

40. Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that there are facts that make the action unlikely.

41. Defendant's implication that the settlement may have tax consequences would likely lead the least sophisticated consumer to be misled into thinking that there will be adverse tax consequences for accepting Defendant's settlement offer.

42. Defendant's implication that the settlement may have tax consequences would likely be interpreted by the least sophisticated consumer to be a threat that any settlement will be reported to the IRS.

43. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would affect the consumer's decision concerning whether or not to accept Defendant's settlement offer.

44. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for refusal to pay the debt.

45. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for obtaining any debt forgiveness.

46. For the foregoing reasons, the letter violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

4

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

50. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

51. The letter sets forth an "Amount Owed."

52. The letter also offers a settlement.

53. The letter fails to disclose whether the "Amount Owed" may increase due to additional interest.

54. The letter fails to disclose whether the "Amount Owed" may increase due to additional late fees.

55. The letter fails to disclose whether the "Amount Owed" may increase due to additional interest if the settlement is not accepted.

56. The letter fails to disclose whether the "Amount Owed" may increase due to additional late fees if the settlement is not accepted.

57. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

58. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

59. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

60. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the true value of the settlement offer as the consumer would not know whether interest and fees would continue to accrue if the settlement was not accepted, or whether the amount of the debt was static.

61. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Amount Owed" at any time after receipt of the letter.

62. The least sophisticated consumer could also reasonably believe that the "Amount

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

Owed" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

63. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

64. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

65. For these reasons, Defendant failed to clearly state the amount of the debt.

66. For these reasons, Defendant failed to unambiguously state the amount of the debt.

67. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

68. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

69. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

73. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

74. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

75. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

susceptible to an inaccurate reading by the least sophisticated consumer.

76. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

77. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Amount Owed" was static.

78. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Amount Owed" was dynamic due to the continued accumulation of interest and/or late fees.

79. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

80. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

81. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

84. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

7

85. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

86. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

87. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

88. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

89. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

90. The letter states, "We're here to help you, but we need you to act. Please decide what works best for you."

91. The letter then provides three options: 1) Go to Defendant's website to pay; or 2) Make an immediate payment in full in either one, two or three payments; or 3) Call Defendant to make alternate arrangements.

92. Conspicuously absent from the provided options is the Plaintiff's right not to make payment, but to dispute the debt or demand validation of the debt as provided by 15 U.S.C. § 1692g.

93. At the bottom of the letter, under the closing of the letter, is a notice "See reverse side for important information."

94. On the reverse side of the letter is the rights required by 15 U.S.C. § 1692g.

95. The letter contains no transitional language explaining that the "options" on the front of the letter do not override Plaintiff's rights to dispute the debt or seek validation of the alleged debts.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

96. The "options" provided on the front of the letter contradict the required disclosures provided on the reverse side of the letter.

97. The "options" provided on the front of the letter overshadow the required disclosures on the reverse side of the letter.

98. The "options" provided on the front of the letter would make the "least sophisticated consumer" uncertain or confused as to her rights.

99. Because of the foregoing. Defendant has violated § 1692g.

## FIFTH COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

100. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

101. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

102. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

103. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

104. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

105. The least sophisticated consumer would likely be deceived by Defendant's conduct.

106. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

107. The least sophisticated consumer would likely be deceived by Defendant's conduct into believing that the "options" provided on the front of the letter override the consumer's right to dispute the debt or demand validation of the debt.

108. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

109. Plaintiff brings this action individually and as a class action on behalf of all

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

110. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

111. Defendant regularly engages in debt collection, using the same unlawful letter described herein, in its attempts to collect delinquent consumer debts from other persons.

112. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful letter described herein.

113. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

114. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

115. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

116. Plaintiff hereby demands a trial of this action by jury.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: April 3, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111359

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530